**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PEDRO PANGELINAN PINAULA and LINDA CRUZ PANGELINAN, | No. 11-15819 |
| Plaintiffs - Appellants, | D.C. No. 1:09-cv-00032 |
| v. | MEMORANDUM[*] |
| BANGA BANDHU BAIDYA and SEAHORSE INC. SAIPAN, | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of the Northern Mariana Islands
Wm. Fremming Nielsen, Senior District Judge, Presiding

Argued and Submitted October 17, 2012
Honolulu, Hawaii

Before: REINHARDT, THOMAS, and PAEZ, Circuit Judges.

The district court found that comparative negligence was shared equally

between plaintiff, Pedro Pinaula, and defendant, Banga Baidya. It estimated that

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

1

Pinaula had been injured for about six months and awarded damages accordingly. Pinaula appeals the finding of comparative negligence and the finding that he was injured for six months. We reverse and remand for further proceedings.

**1.** The district court made an error of law in finding that Pinaula was negligent. Courts sitting in admiralty "look[] to the common law in considering maritime torts." *Royal Ins. Co. of Am. v. Sw. Marine*, 194 F.3d 1009, 1015 (9th Cir. 1999) (internal quotations and citations omitted). The common law requires a fact-finder to consider "the customs of the community, or of others under like circumstances," as a factor when determining whether conduct is negligent. Restatement (Second) of Torts § 295A (1965); *see also* 7 N. Mar. I. Code § 3401 (2011) (adopting "the rules of the common law, as expressed in the restatements of the law" in the absence of contrary local law). Here, the district court failed to consider evidence showing that the use of M-boats is customary among fishermen in the Northern Mariana Islands. The court therefore erred in its application of the relevant law. We therefore reverse the finding that Pinaula was negligent.

**2.** The district court also erred in finding that Pinaula was injured for only six months. The record shows that Pinaula first sought medical attention three months after the accident and continued to seek medical attention intermittently from November 2007 until February 2010. The district court's finding that he was

injured for only six months was therefore implausible and without support from the record, making it clearly erroneous under the *Hinkson* standard. *See United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009).

REVERSED and REMANDED.